(November 22, 1912.)

## CHARLES A. BROWN, Respondent, v. E. W. SCHEURMAN et al., Appellants.

### [128 Pac. 83.]

SALE BY SAMPLE—RECEIPT OF GOODS WITHOUT OBJECTION—CHANGE OF SAMPLE.

#### (Syllabus by the court.)

1.    Where a contractor purchases brick by sample and receives shipments from time to time, and accepts the same and uses them in the construction of the building for which they were purchased, and makes no complaint of the kind or quality of the brick furnished, and continues to order more, he cannot, upon action to recover the purchase price, successfully maintain the defense that under sec. 3325, Rev. Codes, the vendor, having sold by sample, warranted the bulk to be equal to the sample.

2.    Where a vendor furnishes samples of the goods with which he is to supply the vendee, and the vendee subsequently finds that the government for which he is constructing a building wherein he proposes to use the property furnished will not accept material of the kind or finish of the sample, and he thereafter furnishes another sample which has not been agreed to by the vendor or of which the vendor had no knowledge, the vendor will not be held to have warranted the goods to be other than as represented by the original sample furnished.

3.    Evidence in this case examined, and *held* sufficient to support the verdict and judgment.

APPEAL from the District Court of the Second Judicial District, in and for Latah County. Hon. Edgar C. Steele, Judge.

Action to recover balance for the sale of personal property. Judgment for plaintiff. Defendants appeal. *Affirmed.*

C. J. Orland, for Appellants.

One who sells or agrees to sell goods by sample thereby warrants the bulk to be equal to the sample.    (Sec. 3325, Rev. Codes.)

This principle is true independent of statute. (25 Cyc. 223.)

Forney & Moore, for Respondent, cite no authorities.

AILSHIE, J.—This action was instituted to recover a balance due for the purchase price of 107,000 brick sold by the plaintiff to the defendant at the agreed price of $11.35 per thousand. These brick were contracted for and used in the construction of a federal building in the city of Moscow. The appellants herein were the contractors in the erection and construction of the building, and their contract with the respondent was in advance of the commencement of work on their contract.

The controversy here arises chiefly out of the action of the government authorities in refusing to allow the contractor to use a lot of the brick because they were "off color," or not the proper color, as agreed upon in the contract between the contractor and the government. Sample bricks were furnished by the respondent in the first place, and subsequently some change was made by the appellants, but it seems from the evidence that the respondent was not apprised of this change and did not agree to it; at best, there is a conflict of evidence on this point. It is admitted that no objection was made to the brick during the time they were being furnished, and that they were received and accepted and used by the appellants. While the contractors were obliged to use a large percentage of them in inside work at places where cheaper brick could have been used because they were not fit to use on the outside, still they did not apprise the respondent of this fact and did not object to receiving the brick. On the contrary, they were all the time urging the respondent on to ship more brick. The superintendent or agent who represented appellants testified that he did not notify the respondent that the brick were not fit for his use and that he did not object to them, and he explains his failure to make objections or protest on the ground that had he done so they feared they would not receive any more brick at all, and that their con-

tract would have been tied up indefinitely and it would have caused them great damage. This fact alone, in our judgment, is sufficient to authorize and require an affirmance of the judgment in favor of the respondent. It is too fundamental to require discussion here that a purchaser of personal property who receives and accepts the property, knowing at the time its condition and fitness or unfitness for the purpose for which he is purchasing, cannot accept the same and appropriate it to his use, and continue to demand, receive and accept more and more goods of the same character and quality, and then after he has used it raise objection for the first time that it was not up to the standard, or like the samples of the goods he contracted for in the first instance. He must be fair and open about his dealing. If the goods furnished are not up to the standard or the sample, he must use reasonable diligence in apprising the vendor, and make his objection and refuse to accept further goods of the kind.

It is true that the statute (sec. 3325) provides that, "One who sells or agrees to sell goods by sample thereby warrants the bulk to be equal to the sample," and this principle would be true independent of statute (35 Cyc. 223), but the evidence here tends strongly to prove that the brick were furnished in accordance with the samples which respondent had given in the first place and supposed the appellants were expecting to be followed. It appears that when the contract was first made by the appellants and respondent that respondent furnished samples which the superintendent or agent for appellants caused to be sent to the department at Washington, and thereafter some change or substitution was made in the samples. To this, however, respondent claims to have never consented and that he had no knowledge thereof.

While some contention has been made that the respondent had waived his right to rely on the original contract of $11.36 per thousand, and that he could only recover on a *quantum meruit,* there is no evidence in the record that would justify or support that contention.

We find no error in the rulings of the court in the admission or rejection of evidence which affects any substantial

right of the appellants or would call for a new trial in this case. Upon the whole record, we feel that substantial justice has been done and that the judgment should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Stewart, C. J., and Sullivan, J., concur.